Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MASTER PAINTS AND CHEMICALS CORP.<br><br>Recurrente<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE MAYAGÜEZ<br><br>Recurrido | KLRA202400098 | *Revisión de Decisión Administrativa* procedente del Municipio Autónomo de Mayagüez<br><br>Subasta Núm.: 2024-039<br><br>Sobre:<br>Art. 1.050<br>Ley 107-2020<br>(Código Municipal) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2024.

El 26 de febrero de 2024, compareció ante este Tribunal de Apelaciones, Master Paints and Chemicals Corp. (en adelante, Master Paints o parte recurrente), por medio de *Recurso de Revisión Judicial.* Mediante este, nos solicita que revisemos la *Resolución* emitida el 13 de febrero de 2024 y notificada el 15 de febrero de 2024, por la Junta de Subastas del Municipio Autónomo de Mayagüez (en adelante, parte recurrida o Junta de Subastas), relacionada a "Suministro de Pinturas de Primera Calidad" (RFP Núm. 2024-039), y en la cual, se descalificó a la parte recurrente como licitadora.

Por los fundamentos que expondremos a continuación, se desestima el recurso por haberse tornado académica la controversia.

**I**

Según surge del expediente ante nuestra consideración, el 24 de enero de 2024, el Municipio Autónomo de Mayagüez publicó una

Número Identificador

SEN2024 _____

subasta en el periódico Primera Hora para la adquisición de pinturas de calibre industrial, entiéndase, "Suministro de Pinturas de Primera Calidad" (RFP Núm. 2024-039).

Conforme se desprende de los pliegos de la subasta, los licitadores interesados en participar en dicha subasta tenían que entregar los documentos requeridos por la parte recurrida, a los fines de ofrecer productos o servicios al gobierno, a saber:

> "… 1. Propuesta en original y una (1) copia acompañada de copia todos los documentos… 18. Certificación de Deuda del Municipio donde radique su negocio… 19. En sustitución de estos documentos podrán someter la Certificación del Registro de Licitadores del Municipio de Mayagüez y/o la Certificación del Registro Único de Licitadores de la Administración de Servicios Generales ("RUL") …"

La parte recurrente es una compañía que se dedica a la manufactura de pintura y otros productos de petróleo en Puerto Rico. Arguye la parte recurrente que, a pesar de que presentó una oferta oportunamente, conjuntamente con su certificación de elegibilidad en el RUL vigente hasta el 22 de mayo de 2024, de manera sorpresiva, la parte recurrida ilegalmente, la descalificó por no haber entregado un certificado de deuda del Municipio Autónomo de Mayagüez.

En desacuerdo con la determinación de descalificación, la parte recurrente acudió ante este foro revisor y esgrimió el siguiente señalamiento de error:

> Erró la Junta de Subastas del Municipio de Mayagüez y cometió una violación al debido proceso de ley al descalificar a Master Paints de la subasta número 2024-039.

Más tarde, el mismo día de la presentación de su recurso, la parte recurrente instó ante nos, *Moción Informativa sobre Notificación de Escritos de Conformidad con las Reglas 58 y 71 del Reglamento del Tribunal Apelativo y Presentando Mejor Copia de Sobre de Notificación.* Mediante nuestra *Resolución* del 28 de febrero de 2024, nos dimos por enterados de la moción antes aludida y le

concedimos a la parte recurrida hasta el 7 de marzo de 2024 para exponer su posición en torno al recurso de epígrafe.

El 6 de marzo de 2024, compareció la parte recurrida mediante *Urgente Moción Anunciando Representación Legal*, y en la cual indicó, además, no tener constancia de haber recibido el recurso que nos ocupa. En igual fecha, la parte recurrente ripostó a la aludida moción mediante *Contestación a Urgente Moción Anunciando Representación Legal*. Aseveró haber notificado el recurso a las direcciones oficiales de correo de la Oficina del Alcalde y al Presidente Interino de la Junta de Subastas del Municipio Autónomo de Mayagüez. Añadió que, como cortesía, le reenvió a la parte recurrida el recurso, tal cual le fue notificado el 26 de febrero de 2024.

El 7 de marzo de 2024, la parte recurrida interpuso ante este foro, *Urgente Moción en Solicitud de Prórroga* mediante la cual solicitó que le concediéramos un término adicional de treinta (30) días para exponer su posición en torno al recurso. En igual fecha, compareció ante nos la parte recurrente mediante *Oposición a Urgente Moción en Solicitud de Prórroga*, en la que recabó que no le concediéramos a la parte recurrida el término solicitado, sino un término de ocho (8) días para expresarse.

En atención a los escritos presentados por las partes, el 8 de marzo de 2024, emitimos *Resolución* en la cual, aceptamos al Lcdo. Simone Cataldi Malpica del Bufete Aldarondo & López Bras, LLC, como el representante legal del Municipio Autónomo de Mayagüez. Por otro lado, invitamos a la parte recurrida a que examinara nuestra *Resolución* del 28 de febrero de 2024, mediante la cual nos dimos por enterados de la notificación del recurso y le concedimos hasta el jueves 7 de marzo de 2024 para exponer su posición en torno al recurso.

En cuanto a la *Urgente Moción en Solicitud de Prórroga* presentada por la parte recurrida el 7 de marzo de 2024, así como la *Oposición a Urgente Moción en Solicitud de Prórroga* incoada por la parte recurrente el 7 de marzo de 2024, le concedimos término adicional a la parte recurrida hasta el lunes 18 de marzo de 2024 para exponer su posición en torno al recurso de epígrafe. Le apercibimos que, transcurrido el término dispuesto, el recurso se tendría por perfeccionado para su adjudicación final. De otra parte, le ordenamos a la parte recurrida que, en igual término, nos sometiera copia certificada del expediente de la Subasta Número 2024-039.

El 15 de marzo de 2024, la parte recurrida interpuso *Moción en Solicitud de Desestimación*. En la misma indicó que, luego de remitirse la Comunicación del 13 de febrero de 2024, consideró la necesidad de reevaluar las especificaciones en la Solicitud de Propuestas en el RFP Núm. 2024-039, para el "Suministro de Pinturas de Primera Calidad" para tener una perspectiva más abarcadora y comprensiva de los servicios a prestarse en beneficio del interés público. Acotó que, a esos efectos, **la Junta de Subastas se reunió el 15 de marzo de 2024 y tomó la determinación de no descalificar la propuesta sometida por la parte recurrente, por lo que solicitó la desestimación del recurso de autos por academicidad**.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

***Doctrina de academicidad***

Como es sabido, los tribunales revisores solo podremos resolver los casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011). La doctrina de la justiciabilidad de las

causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Dicha doctrina nace del principio elemental de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas, que tienen un interés real en obtener un remedio judicial que haya de afectar sus relaciones jurídicas. Esto es, para el ejercicio válido del poder judicial se requiere la existencia de un caso o controversia real. *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007); *Bhatia Gautier v. Gobernador*, supra, pág. 68. Según lo dispuesto por nuestro Máximo Foro, una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva; o (5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Bhatia Gautier v. Gobernador*, supra, págs. 68-69.

Atinente al caso de marras, nuestro más Alto Foro ha reconocido que los tribunales pierden su jurisdicción sobre una controversia cuando, durante el trámite judicial, ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. Esto es, el foro judicial no puede entender sobre un caso que ha perdido su condición de controversia viva y presente en atención a los cambios fácticos o de derecho acaecidos en el transcurso del tiempo. *Pueblo v. Pagán Medina*, 177 DPR 842, 844 (2010); *Super Asphalt v. AFI y otros*, supra, pág. 816. Asimismo, deberán ser evaluados los eventos anteriores, próximos y futuros, a los fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Íd.*

Una vez se determina que ha desaparecido el carácter adversativo entre los intereses de las partes involucradas, los

tribunales pierden su jurisdicción en el pleito y, por tanto, deben abstenerse de considerar el caso en sus méritos. Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. (Citas omitidas). *Smyth, Puig v. Oriental Bank*, supra, pág. 78. Véase *Super Asphalt v. AFI y otros*, supra, pág. 816.

Como corolario de lo anterior, la Regla 83 (B) (5) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (C) expone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> [. . . . . . . .]
>
> (5) Que el recurso se ha convertido en académico.
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Tal y como mencionamos previamente, la parte recurrente acude ante este foro revisor ante la determinación de la parte recurrida de descalificarla como licitadora en la subasta para la adquisición de pintura de calibre industrial, entiéndase, "Suministro de Pinturas de Primera Calidad" (RFP Núm. 2024-039).

Como mencionamos previamente, mediante su *Moción en Solicitud de Desestimación* del 15 de marzo de 2024, la parte recurrida nos indicó que, luego de remitirse la comunicación del 13 de febrero de 2024, consideró la necesidad de reevaluar las especificaciones en la Solicitud de Propuestas en el RFP Núm. 2024-039, para el "Suministro de Pinturas de Primera Calidad" para tener

una perspectiva más abarcadora y comprensiva de los servicios a prestarse en beneficio del interés público.

En vista de que, según nos informó la parte recurrida, **la Junta de Subastas se reunió el 15 de marzo de 2024 y tomó la determinación de no descalificar la propuesta sometida por la parte recurrente, en efecto, procede la desestimación del recurso de autos por academicidad**.

Como sabemos, una controversia que en sus inicios era justiciable se convierte en académica cuando "los cambios fácticos o judiciales acaecidos durante el trámite judicial de una controversia, tornan en académica o ficticia su solución".[1] Así, se debe evaluar los eventos anteriores, próximos y futuros, a los fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo.[2] Cuando un foro adjudicativo determine que un caso es académico, su deber es abstenerse de considerar los méritos de ese caso.[3]

**IV**

Por los fundamentos que anteceden, se desestima el recurso por haberse tornado académica la controversia.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] *Amador Roberts et als. v. ELA*, 191 DPR 268, 283 (2014).
[2] Pres. del Senado, 148 DPR 737, 759 (1999).
[3] *CEE v. Depto. de Estado*, 134 DPR 927, 936 (1993).